

FILED
MAR - 9 2010
Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELOQUA CORPORATION, )<br>553 Richmond Street West, Suite 214, Toronto, )<br>Ontario, M5V 1Y6, Canada )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ONE-TO-ONE INTEGRATED )<br>TECHNOLOGIES INC., )<br>174 West Beaver Creek Road, Richmond Hill, )<br>Ontario, L4B 1B4, Canada )<br>)<br>Defendant. ) | Case: 1:10-cv-00392<br>Assigned To : Kollar-Kotelly, Colleen<br>Assign. Date : 3/9/2010<br>Description: General Civil<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Eloqua Corporation, by and through the undersigned attorneys, for its Complaint against Defendant One-To-One Integrated Technologies, alleges as follows:

## PARTIES

1.  Plaintiff Eloqua Corporation ("Eloqua") is a corporation organized and existing under the laws of the Province of Ontario.

2.  Eloqua has a principal place of business at 553 Richmond Street West, Suite 214, Toronto, Ontario, M5V 1Y6, Canada.

3.  Upon information and belief, Defendant One-To-One Integrated Technologies ("One-To-One") is a corporation organized and existing under the laws of the Province of Ontario.

4.  Upon information and belief, One-To-One has a principal place of business at 174 West Beaver Creek Road, Richmond Hill, Ontario, L4B 1B4, Canada.

## NATURE OF COMPLAINT

5.  This is an action for declaratory judgment that Eloqua does not infringe, directly or indirectly, U.S. Patent No. 5,793,972 ("the '972 patent") and that claims of the '972 patent are invalid.

6.  One-To-One has claimed that it owns the '972 patent.

7.  One-To-One has alleged that Eloqua has infringed and is infringing the '972 patent.

8.  Eloqua denies that it has infringed or is infringing any valid claim of the '972 patent.

9.  As a consequence of at least the foregoing, there is an actual and justiciable controversy between Eloqua and One-To-One.

## JURISDICTION AND VENUE

10. On or about February 10, 2010, One-To-One filed a Statement of Claim in the Ontario Superior Court of Justice, alleging, among other things, that One-To-One owns the '972 patent and that Eloqua has infringed and is infringing the '972 patent.

11. The proper jurisdiction in which to resolve this controversy concerning whether United States patent claims are infringed and/or invalid under United States patent law is the United States, not Canada.

12. This Court has subject matter jurisdiction over this controversy based on 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

13. On information and belief, One-To-One does not reside in the United States and has not filed in the United States Patent Office a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the '972 patent or rights thereunder. This Court has personal jurisdiction

over One-To-One at least under 35 U.S.C. § 293. Venue is proper under 28 U.S.C. § 1391 and 35 U.S.C. § 293.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

14. Eloqua repeats and realleges the allegations set forth in Paragraphs 1 through 13, above, as if set forth in full herein.

15. Eloqua has not infringed and does not infringe, directly or indirectly, any claim of the '972 patent.

16. One-To-One's allegations of infringement against Eloqua have created an actual and justiciable controversy between the Eloqua and One-To-One, and Eloqua is entitled to a declaration of non-infringement to resolve this controversy.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY

17. Eloqua repeats and realleges the allegations set forth in Paragraphs 1 through 16, above, as if set forth in full herein.

18. One or more claims of the '972 patent are invalid for failure to meet one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq.*

19. One-To-One's allegations of infringement against Eloqua have created an actual and justiciable controversy between the Eloqua and One-To-One, and Eloqua is entitled to a declaration of invalidity to resolve this controversy.

## PRAYER FOR RELIEF

WHEREFORE, Eloqua respectfully requests that the Court:

1. Enter judgment in favor of Eloqua and against One-To-One on all counts in Eloqua's complaint;

2. Declare that Eloqua does not and has not infringed, directly or indirectly, the '972 patent;

3. Declare that one or more claims of the '972 patent are invalid;

4. Permanently enjoin One-To-One, its successors, assigns, and anyone acting in concert therewith or on their behalf, from attempting to enforce the '972 patent against Eloqua or any parents, affiliates, subsidiaries thereof, or Eloqua's respective officers, agents, employees, successors, assigns, or customers;

5. Award Eloqua its costs;

6. Find this an exceptional case under 35 U.S.C. §285 and award Eloqua its attorneys' fees and expenses; and

7. Grant such other further relief as it may deem just and proper.

**JURY TRIAL DEMANDED AS TO ALL ISSUES SO TRIABLE.**

Respectfully submitted,

Dated: March 9, 2010

By: _____

Scott L. Robertson
District of Columbia Bar No. 456104
srobertson@goodwinprocter.com
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001-4432
Telephone: (202) 346-4000
Fax: (202) 346-4444